STIMPSON (HALE v.). See Case No. 5,915.

## Case No. 13,455.

### STIMPSON v. POND.

[2 Curt. 502.] [1]

Circuit Court, D. Massachusetts. Oct. Term. 1855.

PATENTS—PENAL ACTION—LIMITATION — STATUTE —REPEAL—PENALTY.

1. The two years' limitation of suits for penalties contained in the 32d section of the crimes act of April 30. 1790 (1 Stat. 119), is repealed by implication by the 4th section of the act of February 28. 1839 (5 Stat. 332), which extends the time to five years.
[Cited in U. S. v. Cook. 17 Wall. (84 U. S.) 173; U. S. v. Brown, Case No. 14,665.]

2. The penalty of not less than one hundred dollars, provided in the fifth section of act of August 29, 1842 (5 Stat. 544), for the offence of marking the word "patent," on unpatented articles. is a penalty of one hundred dollars, and no more.
[Cited in brief in Hankins v. People. 106 Ill. 630, 634; Illinois Cent. R. Co. v. People, 143 Ill. 437, 33 N. E. 173.]
[Cited as to form of action in U. S. v. Morris, Case No. 15,814.]

At law.

Mr. Choate and C. P. Curtis, Jr.. for plaintiff.

S. E. Sewall, contra.

CURTIS. Circuit Justice. This is an action of debt, founded on the act of August 29, 1842, § 5, to recover penalties for marking the word "patent." on an unpatented article. for the purpose of deceiving the public. The defendant has pleaded that the causes of action did not accrue within two years. In support of this plea he relies on the thirty-second section of the crimes act of April 30, 1790, which limits suits for penalties to two years after the fine or forfeiture incurred. The fourth section of the act of February 28. 1839 (5 Stat. 322), enacts. that no suit or prosecution shall be maintained for any penalty or forfeiture, pecuniary or otherwise. accruing under the laws of the United States, unless the same suit or prosecution shall be commenced within five years from the time when the penalty or forfeiture accrued. The defendant insists that notwithstanding this last act, the former is still in force. His counsel argues that there is no express repeal; that repeals by implication are not allowed unless the implication is necessary; that there is no inconsistency between the two laws. because the last does not declare that these actions may be brought at any time within five years, but only that they shall not be brought afterwards; and if not brought after two years, according to the act of 1790. they will not be brought after five years.

This course of reasoning is not satisfactory to my mind. The third section of the act of 1839. enacts: "That all pecuniary penalties and forfeitures accruing under the laws of

1 [Reported by Hon. B. R. Curtis, Circuit Justice.]

the United States. may be sued for and recovered in any court of competent jurisdiction in the state or district where such penalties or forfeitures have accrued, or in which the offender or offenders may be found." Then follows the fourth section, limiting such actions to five years. It is not true, therefore, in point of fact, that this act merely prohibits actions after five years. It first enacts that they may be brought, and then limits the time within which they may be brought. These two sections must be taken together, as much as if the fourth was merely a proviso to the third. In effect they declare the will of the legislature that these actions may be brought, in the competent court, within five years. But if this third section were not in the act, it would still be true that, an act, limiting these actions to five years, is necessarily inconsistent with one which limits the same actions to two years; for if the two years' act operates, the five years' act can have no operation. The plea of the statute of limitations is, therefore, bad.

The defendant further objects that debt will not lie for a penalty under the act of 1842, because it is of uncertain amount. The description of the penalty in the act is, "a penalty of not less than one hundred dollars." This is certainly an anomalous provision. After a good deal of reflection I am of opinion it does not authorize the infliction of a greater penalty than one hundred dollars. Power to inflict a particular penalty must be conferred by congress in such terms as will bear a strict construction. The only power expressly given by this act is to impose a penalty of not less than one hundred dollars. This power may be exhausted by imposing a penalty of just one hundred dollars. The terms of the act do not authorize the infliction of a penalty greater than one hundred dollars. Is there a safe implication that authority to inflict a greater penalty was intended to be conferred? The objections to this seem to me too strong to be overcome. In the first place, mere implication can hardly ever be safe ground on which to rest a penalty, and when penalties of unlimited magnitude are the subjects of the implication. the danger of making it, and the improbability of its correctness. are proportionably increased. It would be difficult to reconcile such an implication with the constitutional prohibition to impose excessive fines. It makes congress. in effect, say that for a mere malum prohibitum not of great public importance, any amount of fines might be imposed. Such a grant of power, if constitutional, would not be in accordance with any other legislation of congress. For where has such a grant of power been made? In defining the punishment of offences which are of the gravest character, and at the same time admit of great degrees of aggravation, calling for corresponding degrees of punishment, the uniform habit of congress has been to affix limits beyond which the courts could not pass. To suppose that on this subject of patent marks, it was intended, for the first time, to depart from correct principles of legislation, and confer unlimited power over the estates of citizens, seems to me a very violent assumption. Moreover, on whom is it conferred? The act does not say whether the court or the jury are to fix the amount of the penalty. I know of no ground upon which the court can assume to itself this power; and there seems to be equal difficulty in maintaining that the jury are to exercise it. By what principles are they to be guided? It is not a case where a penal action is given to a party injured. If it were, the jury might regard the extent of his injury. The act does not indicate that there are to be degrees of the offence, and it is not perceived that it admits of great aggravation. Here, also, it is manifest, that if congress has conferred on juries power to inflict penalties to unlimited amounts, with no guiding principles to influence, much less to govern them. it must be admitted to be very extraordinary legislation. "As was said by Chief Justice Marshall (U. S. v. Fisher, 2 Cranch [6 U. S.] 390), where rights are infringed, where fundamental principles are overthrown, where the general system of the laws is departed from, the legislative intention must be expressed with irresistible clearness to induce a court of justice to suppose a design to effect such objects." In my judgment, it requires stronger implication than is found in the language of this act, to bring us to such a conclusion. It must be admitted that "a penalty of not less than $100," is not a well chosen expression to indicate a penalty of one hundred dollars. But a careful examination of this act will lessen the weight of any objection drawn from this source. Without commenting in detail on its language, I will mention that its title is, "An act in addition to an act to promote the progress of the useful arts, and to repeal all acts and parts of acts heretofore made for that purpose." When I read this, I was somewhat startled, by the information it conveys, that the entire legislation on the subject of patents had been swept away. But I was relieved from all apprehension when I examined the act and found that though it extended some of the existing laws to new cases, it repealed no act or part of act whatsoever.

My opinion is. that this act authorizes the infliction of a penalty of just one hundred dollars for the offence described; and that it may be recovered in an action of debt. I give no opinion whether such action would lie for a penalty of uncertain amount.