### PEOPLE v. BRETTON.

(Supreme Court, Appellate Division, Second Department. April 28, 1911.)

1. CRIMINAL LAW (§ 1211*)—JUDGMENT—SENTENCE.

　　Where accused pleaded guilty to second degree grand larceny as a first offense, it was error to impose a life sentence prescribed by statute for a fourth felony offense, though it was shown that accused had in fact been four times convicted and sentenced to state prison.

　　[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3302; Dec. Dig. § 1211.*]

2. CRIMINAL LAW (§ 1184*)—APPEAL—DISPOSITION—RENDITION OF JUDGMENT.

　　Under Code Cr. Proc. § 543, permitting the appellate court, where an erroneous judgment is rendered upon a lawful verdict, to correct the judgment to conform to the verdict, where a judgment of conviction imposed the sentence prescribed for a fourth felony offense, when accused

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

only pleaded guilty to a first felony offense, the Appellate Division will correct the judgment by imposing the sentence prescribed for the offense to which he pleaded guilty.

[Ed. Note.—For other cases, see Criminal Law. Cent. Dig. §§ 3199, 3200; Dec. Dig. § 1184.*]

Appeal from Queens County Court.

Harry S. Bretton was convicted and sentenced for second degree grand larceny as a fourth offense, and he appeals. Sentence set aside, and judgment rendered as stated.

See, also, 127 N. Y. Supp. 1136.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Moses A. Sachs, for appellant.

Fred G. De Witt, Dist. Atty., for the People.

PER CURIAM. The defendant was charged by indictment with the crime of grand larceny in the second degree as a second offense. The defendant originally pleaded not guilty, but subsequently withdrew this plea, and on the 28th day of March, 1910, entered a plea of guilty to grand larceny, second degree, as a first offense; and on the 7th day of April, 1910, it having been shown to the court by the defendant's answers to interrogatories that the latter had been convicted of crime and sentenced to state prison four times, the defendant was sentenced to imprisonment for his natural life.

[1] This is the penalty imposed by section 1942 of the Code of Criminal Procedure, where the defendant has been convicted for a fourth offense amounting to a felony, and is clearly not justified where the defendant has pleaded guilty of a lesser offense. People ex rel. Bretton v. Schleth, 68 Misc. Rep. 307, 308, 123 N. Y. Supp. 686. The authority cited, while holding the proposition, held that the case was not one to be disposed of on habeas corpus, and pointed out that the conviction was regular and unquestioned; the judgment entered being merely irregular and voidable.

[2] Section 543 of the Code of Criminal Procedure provides that upon "hearing the appeal the appellate court may, in cases where an erroneous judgment has been entered upon a lawful verdict, or finding of fact, correct the judgment to conform to the judgment or finding"; and this seems to be the proper course here. No question is raised as to the trial. The defendant pleaded guilty to a distinct crime for which a penalty is prescribed, and the judgment should be corrected and sentence imposed by this court in accordance with section 543 of the Code of Criminal Procedure. See People v. Griffin, 27 Hun, 595.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes