PEOPLE v. SCHEUREN.

(Supreme Court, Appellate Division, First Department.    December 29, 1911.)

1. CRIMINAL LAW (§ 1186*)—ERROR AFTER VERDICT—CURE BY RESENTENCE.
    Defendant was indicted for "feloniously and extorsively" attempting "feloniously and extorsively to obtain" money, and was convicted and sentenced to state's prison for not less than three years nor more than five years and six months.  The threat was verbal, and defendant was guilty of a misdemeanor only.   *Held* that, as the error in sentencing defendant occurred after the verdict, it does not affect the conviction, and the proper procedure is to resentence the defendant.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3215–3219; Dec. Dig. § 1186.*]

2. INDICTMENT AND INFORMATION (§ 189*)—TRIAL FOR FELONY—CONVICTION OF MISDEMEANOR.
    In a trial under an indictment charging a felony, a conviction for a lesser offense is permissible.
    [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 582–595; Dec. Dig. § 189.*]

3. CRIMINAL LAW (§ 1187*)—APPEAL AND ERROR—RESENTENCE.
    Code Cr. Proc. § 543, provides that on appeal the court, where an erroneous judgment has been entered on a lawful verdict, may correct the judgment to conform to the "judgment" or finding.  Defendant was convicted of a misdemeanor, and sentenced to not less than three years nor more than five years and six months in state's prison.   *Held* that, defendant having already served over a year in state's prison under the erroneous judgment, the court will not impose an additional sentence, but will reverse the judgment and discharge defendant.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3220, 3221; Dec. Dig. § 1187.*]

Appeal from Court of General Sessions, New York County.

Arnold C. Scheuren was convicted of attempted extortion, and appeals from an order denying a motion in arrest of judgment and for new trial.    Reversed, and defendant discharged.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Charles B. McLaughlin, for appellant.
Robert S. Johnstone, for the People.

MILLER, J.  [1]  The defendant was indicted for "feloniously and extorsively" attempting "feloniously and extorsively to obtain" money. He was convicted on February 25, 1910, and sentenced to state's prison for not less than three years nor more than five years and six months. It is conceded that the threat by which the defendant undertook to extort money was verbal, and that the defendant was guilty of a misdemeanor only.   People ex rel. Perry v. Gillette, 200 N. Y. 275, 93 N. E. 953.   Where the error is after the verdict, it does not affect the conviction, and the proper procedure is to resentence the defendant.  People v. Nesce, 201 N. Y. 111, 94 N. E. 655.
[2]  Although the indictment in this case uses the word "feloniously," it does not charge the making of a threat in writing.  But, even if it be considered as charging a felony, a conviction for the less-

er offense would be permissible. People v. Miller, 143 App. Div. 251, 128 N. Y. Supp. 549. The jurisdiction of Courts of Special Sessions in the city of New York is governed by article 3 of chapter 659 of the Laws of 1910. While the Court of Special Sessions has exclusive jurisdiction in the first instance to hear and determine charges of misdemeanor, it is divested of jurisdiction by the presentment of an indictment before the commencement of the trial of the person accused. Id. § 31. Those provisions were a re-enactment of similar provisions of the charter (Laws 1901, c. 466). See sections 1406 and 1409.

[3] Section 543 of the Code of Criminal Procedure provides:

"Upon hearing the appeal, the appellate court may, in cases where an erroneous judgment has been entered upon a lawful verdict, or finding of fact, correct the judgment to conform to the judgment or finding."

The proper procedure under that section would be to direct that the defendant be brought before this court for judgment on his conviction. People v. Griffen, 27 Hun, 595; People v. Bretton, 144 App. Div. 282, 129 N. Y. Supp. 247. However, we are informed by the district attorney that the defendant has already served over a year in state's prison under the erroneous judgment. For that reason the court will not impose an additional sentence. As the conviction is of a misdemeanor, it is not important as it would be in the case of felony, that there be a judgment of conviction.

Wherefore the ends of justice will be accomplished in this case by a reversal of the judgment and the discharge of the defendant. All concur.