## PEOPLE v. BRETTON.

(Supreme Court, Appellate Division, Second Department. April 11, 1913.)

On motion for reargument. Denied.

For former opinion, see 144 App. Div. 282, 129 N. Y. Supp. 247.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs 1907 to date, & Rep'r Indexes

Eugene N. L. Young, of Long Island City, for the motion.
Matthew J. Smith, of Long Island City, Dist. Atty., opposed.

JENKS, P. J. We adhere to our judgment in this case reported in 144 App. Div. 282, 129 N. Y. Supp. 247. We followed People v. Griffin, 27 Hun, 595, decided by the General Term in this department, opinion by Cullen, J., with whom Barnard, P. J., and Dykman, J., concurred. We think that People v. Bauer, 37 Hun, 407, so far as it conflicts with People v. Griffin, should not be followed. The sole authority cited in People v. Bauer, supra, is People v. Bork, 96 N. Y. 188, 201.

The decision in that case upon the question presented in the case at bar, in Griffin's Case, and in Bauer's Case, supra, rests upon a construction of chapter 226 of the Laws of 1863, which, as the Court of Appeals in Bork's Case, supra, say, provides that the court to which the record is remitted is to pass such sentence as the appellate court shall direct, and this provision, the court further say, does not require the appellate court "to fix the time of imprisonment, or to itself exercise a discretion in respect to punishment given by the statute" and that the Court of Appeals conforms to the statute when it "points out the law providing for the punishment and directs the court below to sentence thereunder." The court also pointed out that the statute of 1863 had never been repealed in terms, and held that it was continued in force as a rule of procedure in respect to actions pending when the Code of Criminal Procedure took effect.

Bork was convicted in June, 1881, and the said Code took effect in September, 1881. Section 963, Code of Criminal Procedure. Thus it appears that Bork's Case was not an authority for the decision in People v. Bauer, supra, for Bauer was indicted in 1885. Our judgment in this case, reported in 144 App. Div. 282, 129 N. Y. Supp. 247, has been followed, with citation thereof and of People v. Griffin, supra, by this court in its First Department in People v. Scheuren, 148 App. Div. 324, 132 N. Y. Supp. 1025.

The motion for reargument is denied.