# SUPREME COURT — APPELLATE DIVISION — FOURTH DEPARTMENT.

## July 3, 1917.

## THE PEOPLE v. MARTIN MAY.

### (179 App. Div. 290.)

INDICTMENT—CODE CRIM. PROC., §§ 278, 279—CHARGE OF BREAKING INTO FREIGHT CAR, STEALING AND CRIMINALLY RECEIVING PROPERTY—FAILURE TO IDENTIFY—CHARGING MORE THAN ONE CRIME.

An indictment charging the defendant and others, *first*, with feloniously breaking into a freight car; *second*, with petit larceny in stealing dressed poultry of about fifteen dollars in value, and *third*, with the crime of receiving stolen property consisting of dressed poultry of the value of about fifteen dollars, dismissed and a judgment of conviction reversed, upon the ground that the indictment states more than one crime in violation of sections 278 and 279 of the Code of Criminal Procedure, in that it is not alleged that the stolen property was contained in the car, or that the property stolen was the same as that covered by the charge of criminally receiving stolen property.

DE ANGELIS and FOOTE, JJ., dissented, with opinion.

APPEAL by the defendant, Martin May, from a judgment of the County Court of Ontario county rendered against him on the 18th day of March, 1914, convicting him of the crime of petit larceny, and also from an order entered in the office of the clerk of the county of Ontario denying defendant's motion for a new trial and in arrest of judgment.

An appeal is also taken from the decision of the county judge overruling the demurrer to the indictment.

*P. H. Leahy,* for the appellant.

*N. D. Lapham,* for the respondent.

KRUSE, P. J.:

I concur for reversal upon the ground that the indictment is demurrable because it states more than one crime. It does not appear that the property which the defendant is charged with stealing was contained in the car which he is charged with breaking into. Neither does it appear that the articles which he is charged with having stolen are the same as those covered by the charge of criminally receiving stolen property. I do not see how it can be inferred that it was the same property simply because in both cases it was poultry, in the absence of any statement to that effect, in view of the statement in the indictment that the property so criminally received by the defendant was stolen by some person unknown to the grand jury.

As to the other point, it is possible that the words "third degree" may be regarded as mere surplusage, but we need not determine that question.

All concurred, except FOOTE and DE ANGELIS, JJ., who voted for a new trial in an opinion by DE ANGELIS, J.

DE ANGELIS, J. (dissenting):

The defendant, Martin May, with two others were indicted for the crimes of burglary in the third degree, petit larceny, and receiving stolen property. A demurrer was interposed to the indictment to the effect that the same failed to conform to the requirements of section 275 and 276 of the Code of Criminal Procedure and charged more than one crime in violation of sections 278 and 279 of such Code. Upon this appeal the appellant urges that assuming that the three crimes charged in the indictment, if properly pleaded, might be charged in one indictment by separate counts as growing out of one and the same transaction (People v. Wilson, 151 N. Y. 403, 12 N. Y. Crim. 116), they are not so pleaded.

No criticism is made of the first count in the indictment

which charges the offense of burglary in the third degree. . That count charges in substance that the defendant, Martin May, and James Schultz and Harry Sheets, on or about the 1st day of February, 1914, in the town of Manchester, in the county of Ontario, feloniously and burglariously broke into and entered a box car of the Lehigh Valley Railroad Company, the same being a car in which divers goods, wares and merchandise and valuable things were then and there kept for use, sale and deposit, with intent, the goods, chattels and personal property of Swift & Company, a corporation duly organized and existing under the laws of the State of Illinois, then and there in the possession of the Lehigh Valley Railroad Company, then and there being, then and there feloniously and burglariously to steal, take and carry away against the form of the statute, etc.

Under section 400 of the Penal Law, a railway car is declared to be a building within the meaning of the term "building" as used in article 38 of that law in which article the different degrees of burglary are defined and their punishment prescribed.

In other words, this first count of the indictment charges the defendant and his confederates with feloniously and burglariously breaking into and entering the car in which the goods, chattels and personal property of Swift & Company were located, with intent to steal the same.

The second count charges the defendant and his confederates with the crime of petit larceny committed on or about the 1st day of February, 1914, at the town of Manchester in the said county in stealing "a quantity of poultry, to wit: dressed chickens and turkeys of the value of about Fifteen Dollars, then and there in the possession of the Lehigh Valley Railroad Company, of the goods, chattels and personal property of Swift and Company, a corporation duly organized and existing under the Laws of the State of Illinois, the true owner of the same," etc.

In other words, this second count of the indictment charges the defendant and his confederates with stealing dressed chickens and turkeys of the value of about fifteen dollars in the possession of the Lehigh Valley Railroad Company " of the goods, chattels and personal property of Swift and Company."

While the pleader did not use the expression " described in the first count of this indictment " after the words " of the goods, chattels and personal property of Swift and Company," that is what he meant and what the ordinary reader would understand him to mean. Under the rule laid down in section 282 of the Code of Criminal Procedure, that pleading is good, although it may not be scientific.

The third count charges the defendant and his confederates with the crime of receiving stolen property in that " on the day and in the year aforesaid, at the town and county aforesaid, a quantity of poultry, to wit, dressed chickens and turkeys of the value of about Fifteen Dollars, then and there in the possession of the Lehigh Valley Railroad Company by a certain other person or persons to the grand jury aforesaid unknown, then and there lately before feloniously stolen from the said unknown person or persons unlawfully and unjustly did feloniously buy, receive and have they the said Martin May, James Schultz and Harry Sheets, then and there well knowing the said goods, chattels and personal property, to have been feloniously stolen, contrary to the form of the statute," etc.

It seems to me that the identity of description, to wit, " a quantity of poultry, to wit, dressed chickens and turkeys of the value of about Fifteen Dollars, then and there in the possession of the Lehigh Valley Railroad Company," appearing in the second count and in the third count of the indictment, shows that the pleader described and intended to describe the same property in both counts and that the defendant was fully informed that he was charged in the second count with stealing

6

the same property which he was charged with concealing in the third count.

I think this indictment conforms to the pertinent provisions of the Code of Criminal Procedure, to wit, sections 275, 276, 278, 279, 282, 284 and 285.

There is authority to sustain this indictment. (People v. Rose, 39 N. Y. St. Rep. 291, 292, 293; People v. Callahan, 29 Hun, 580, 582.)

This indictment may also be sustained within the spirit and logic of Taylor v. People (12 Hun, 212).

It is urged by the appellant that the trial court erred in correcting the verdict of the jury after it had been rendered and recorded and the jury had been discharged. The fact seems to be unchallenged that when the foreman of the jury reported the verdict, he reported it in this form, " We find the defendant guilty of the crime of petit larceny in the third degree." Thereupon, the jury were polled and thereafter discharged and they passed into the body of the court house. It was after all this that the trial judge directed the change in the verdict so as to elminate therefrom the words " *in the third degree.*" I think this was beyond his power. He should have permitted the jury to correct their error under section 447 of the Code of Criminal Procedure.

It follows that the judgment should be reversed and a new trial granted.

Foote, J., concurred.

Judgment of conviction and order reversed, and indictment dismissed.