# SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

May 7, 1920.

## THE PEOPLE v. CLARENCE R. SALTER.

(191 App. Div. 723.)

(1) PRACTISING DENTISTRY WITHOUT A LICENSE—PUBLIC HEALTH LAW, SECTION 203—IMPRISONMENT OF FIRST OFFENDER IMPROPER.

A person convicted as a first offender of practising dentistry without a license in violation of section 203 of the Public Health Law, providing that a person convicted of a violation thereof is "guilty of a misdemeanor and punishable upon conviction of a first offense by a fine of not less than fifty dollars, and upon conviction of a subsequent offense by a fine not less than one hundred dollars, or by imprisonment for not less than two months, or by both such fine and imprisonment," cannot be punished by imprisonment but by fine only, and the fine must be exactly fifty dollars.

Penal laws are to be construed strictly against an offender and liberally in his favor.

(2) SAME.

A penal statute prescribing punishment for an offense is complete though it contains a minimum punishment only.

(3) SAME.

Subdivision A of section 203 of the Public Health Law, prescribing the punishment for a first offender convicted of practising dentistry without a license, is complete in itself and the punishment for the offense is not regulated by subdivision D of that section, as amended by chapter 507 of the Laws of 1917, which is a general saving clause providing for punishment in case of an absolute omission in the entire article.

APPEAL by the defendant, Clarence R. Salter, from a judgment of the Court of Special Sessions of the Peace of the City of New York, county of Kings, entered in the office of the clerk of said court on the 16th day of December, 1919, convicting him of the crime of practicing dentistry without a license, in violation of chapter 49 of the Laws of 1909, as amended by

chapter 129 of the Laws of 1916, and chapter 507 of the Laws of 1917, constituting the Public Health Law of the State of New York. (See Consol. Laws, chap. 45, § 203.)

*I. Erlich Wolfe,* for the appellant.

*Charles P. Robinson, Deputy Attorney-General,* and *Harry G. Anderson, Assistant District Attorney (Charles D. Newton, Attorney-General,* and *Harry E. Lewis, District Attorney,* with them on the brief), for the respondent.

JENKS, P. J. :

Upon the charge of practicing dentistry without a license, in violation of section 203 of the Public Health Law, the defendant, a dentist, was convicted as a first offender and was sentenced to the workhouse for 60 days. The said section (as amd. by Laws of 1916, chap. 129) provides that the convict is " guilty of a misdemeanor and punishable upon conviction of a first offense by a fine of not less than fifty dollars, and upon conviction of a subsequent offense by a fine not less than one hundred dollars, or by imprisonment for not less than two months, or by both such fine and imprisonment."

The sole question for consideration is whether this first offender is subject to any imprisonment. The first contention in favor of imprisonment for the first offense is that this provision so provides. This contention requires application of the final words " both such fine and imprisonment " to the first offense. A final clause that is general sometimes is rendered not to its last antecedent alone, but such course is in violation of the general rule of grammatical construction. (Cushing v. Worrick, 9 Gray, 382; Wood v. Baldwin, 10 N. Y. Supp. 195; Endlich Interp. Stat. § 414.) But such construction should at least be justified by the plain intent of the Legislature. I think that there should not be departure from the grammatical rule in this case, for I perceive no reason for the conclusion that the

Legislature intended to prescribe imprisonment for the first offense. There are many statutes in this state wherein the Legislature has discriminated in the punishment prescribed for first and for subsequent offenders respectively. The reason for such a discrimination in this instance may not be far to seek. The offense may be committed by one professionally qualified as a dentist, in that he has failed to obtain his license and to register in the proper county through neglect or inadvertence. (Public Health Law, §§ 199, 201, as amd. by Laws of 1916, chap. 129.) The statute is not aimed at the quack or the charlatan alone, although it is efficacious as to them.

I perceive no objection to a construction of the statute as it reads, namely, that the punishment for the first offender is a fine only. I think that if the Legislature had intended to prescribe imprisonment it would have thus declared by alternative words after the words " fifty dollars." In this same section the Legislature immediately prescribes the law for another offense. The Legislature declares it a misdemeanor and provides that it is " punishable upon *a first conviction by a fine of not less than fifty dollars* or more than five hundred dollars *or by imprisonment for not more than one year,* and upon every subsequent conviction by a fine of not less than one hundred dollars, or by imprisonment for not less than sixty days, *or by both fine and imprisonment.*" (The italics are mine.) Thus it appears that when the Legislature intended to prescribe imprisonment for that first offense it explicitly so declared by words alternative to the fine prescribed for that offense. The omission in the first instance and the expression in the second instance are significant. (Endlich, supra, § 383.) These two offenses present the only distinctions made in the statute between first and second offenders.

This contention for imprisonment rests at best upon an ambiguity. But this is a penal statute, to be construed strictly (People v. Hewson, 224 N. Y. 136), that is, " such laws are to be expounded strictly against an offender, and liberally in

his favor." (Daggett v. State, 4 Conn. 63.) Upon this principle of strict construction, when the provision of a penal statute as to the punishment admits of two constructions, the law prefers the one that favors the life or liberty of the convict. (Commonwealth v. Martin, 17 Mass. 362.) This rule " is founded on the tenderness of the law for the rights of individuals; and on the plain principle that the power of punishment is vested in the legislative, not in the judicial department." (United States v. Wiltberger, 5 Wheat. 95, 25 R. C. L. 1084.) As to the principle, see, too, People ex rel. Cosgriff v. Craig (195 N. Y. 190, 197); Rumball v. Schmidt (L. R. 8 Q. B. D. 603, 608).

I think that the Legislature intended to prescribe that the sole penalty for the first offense should be a fine of fifty dollars. It is true that the legislative expression is " not less than fifty dollars." We may concede, as did Curtis, J., in the case presently cited, that the expression " not less than " is not " well chosen," but I think we may well follow the judgment in that case to hold in .the case at bar that the legislative authority thereby prescribed as the penalty a fine of just fifty dollars. (Stimpson v. Pond, 2 Curt. 502.)

It is also contended that the punishment for this offense ·is prescribed much later in this section by the provision of subdivision D (as amd. by Laws of 1917, chap. 507) : " Any misdemeanor mentioned in this article for which a punishment is not specifically imposed shall be punished by a fine of not more than five hundred dollars or by imprisonment for not more than one year, or by both fine and imprisonment." This contention must rest upon the proposition that despite the provision for punishment directly associated with the declaration of the offense in subdivision A, the Legislature did not *specifically impose* any punishment. The prescription of a fine is a punishment, a fine not less than fifty dollars is a specific punishment of a fine of fifty dollars. It is argued that the provision contains no maximum. But I do not understand

that a statute for punishment cannot be complete unless it contain both a minimum and a maximum of punishment. If my construction is right, *the* punishment is definitely determined at exactly fifty dollars. I think that this provision in subdivision D, far separated from subdivision A and in no way articulated with it, was enacted as a saving general clause providing for punishment in case of an absolute omission in the entire article, like in purpose unto section 1937 of the Penal Law, which this subdivision D closely resembles. I think that the Legislature did not intend that the punishment that it prescribed for this offense should be meaningless or imperfect, to be pieced out in part by application of part of the said general provision in subdivision D.

I advise that the sentence be set aside (Code Crim. Proc., § 543; Inferior Criminal Courts Act of the City of New York [Laws of 1910, chap. 659], § 40), and that the defendant be brought before this court for resentence. (People v. Bretton, 144 App. Div. 282; People v. Scheuren, 148 id. 324.)

Mills, Rich, Putnam and Blackmar, JJ., concur.

Judgment of conviction of the Court of Special Sessions affirmed, but the sentence is set aside as illegal, and the defendant is ordered to appear before this court on Monday, May 10, at 1 P. M., for sentence.