## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### June 25, 1920.

### THE PEOPLE v. CLARENCE R. SALTER.

(192 App. Div. 435.)

TRIAL—ERRONEOUS SENTENCE IMPOSED AFTER LAWFUL CONVICTION—POWER OF APPELLATE DIVISION TO CORRECT ERRONEOUS SENTENCE—CONSTITUTIONAL LAW—WHEN APPEAL FROM DETERMINATION OF APPELLATE DIVISION WILL NOT BE ALLOWED.

Where the Appellate Division determines that a conviction of a crime was right, but that the sentence was not lawful, it may correct the sentence under the authority of section 543 of the Code of Criminal Procedure. There is no need of a reversal because the erroneous sentence does not affect the rightful conviction.

The court is of the opinion that there is no such doubt as to the correctness of its construction of its statutory powers aforesaid as justifies the allowance of an appeal under the provisions of article 6, section 9, of the Constitution.

MOTION by the respondent, The People of the State of New York, for reargument of an appeal from a judgment of the Court of Special Sessions of the Peace of the City of New York,

county of Kings, entered in the office of the clerk of said court on the 16th day of December, 1919, convicting him of the crime of practicing dentistry without a license, in violation of chapter 49 of the Laws of 1909, as amended by chapter 129 of the Laws of 1916; and chapter 507 of the Laws of 1917, constituting the Public Health Law of the State of New York.   (See Consol. Laws, chap. 45, § 203.)   (See People v. Salter, 191 App. Div. 723.)

*Ralph E. Hemstreet, Assistant District Attorney,* for the motion.

*I. Erlich Wolfe,* opposed.

PER CURIAM:

We concluded that the conviction was right, but that the sentence was not lawful.   We, therefore, proceeded, in the words of the statute, to "correct the judgment to conform to the judgment or finding."   (Code Crim. Proc., § 543.)   But we were not required to reverse the judgment, as a reading of this statute shows; for after this provision for correction the statute reads that "*in all other cases*" there must be reversal or affirmance or reduction.   There was no need of reversal. The erroneous sentence does not affect the rightful conviction. (People ex rel. Devoe v. Kelly, 97 N. Y. 215.)

Inasmuch as we cited People v. Griffin (27 Hun, 595), both in the case at bar and in People v. Bretton (144 App. Div. 282), the learned district attorney now argues that Griffin's case sustains his proposition that the setting aside of the sentence was a reversal of the judgment, because in Griffin's case, to quote his language, "the judgment was reversed because of the illegality of the sentence."   It is true that the court in Griffin's case say, "The judgment upon the defendant Griffin must be reversed;" but this statement follows: "and the prisoner brought before this court for judgment on his con-

viction." Moreover, the decision of the court is: "Conviction and judgment affirmed. Sentence as to Griffin set aside, and defendant Griffin to be brought before the court for sentence as for an assault and battery only."

Thus it is plain that the "judgment" referred to by the court, which was disturbed as the "judgment upon the defendant Griffin," was the sentence. Such use of that word was entirely proper. (Manke v. People, 74 N. Y. 424; Freem. Judg. [4th ed.], § 2.) In this very section 543 we find such use of the word "judgment" when it provides that an "erroneous judgment" may be corrected to conform to the judgment or finding. There is like use of the word in People v. Bauer (37 Hun, 408), where the court say in its opinion that the judgment was reversed "for error in the sentence." But the "judgment" was affirmed.

The proceeding followed in the case at bar is directly in conformity to People v. Bretton (supra) and People v. Griffin (supra), and is directly prescribed and authorized by the said section 543 of the Code of Criminal Procedure.

It does not appear that the question presented in the case at bar was ever directly passed upon by this court, or that it was urged upon it in the cases now called to our attention for the first time, save perhaps by a single sentence in the points submitted in one of the cases.

If the punishment prescribed is not sufficient, the remedy lies in an application to the Legislature. The court is of opinion that there is not such doubt as to the correctness of its construction as justifies the allowance of an appeal under the provisions of article 6, section 9, of the Constitution.

The motion is in all respects denied.

JENKS, P. J., RICH, PUTNAM, BLACKMAR and KELLY, JJ., concur.

Motion denied.