THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MARIE WILLIAMS, Appellant.

Second Department, July 16, 1925.

Crimes — indictment — indictment charges maintenance of disorderly house in one count and in another count maintenance of public nuisance by maintaining house of prostitution — indictment stated two crimes within meaning of Code of Criminal Procedure, §§ 278 and 279, in absence of allegation that house mentioned in second count was same as that mentioned in first count — indictment dismissed — granting defendant permission to demur without withdrawal of plea of not guilty and proceeding with trial after overruling demurrer not improper.

An indictment charges the commission of two crimes in contravention of sections 278 and 279 of the Code of Criminal Procedure and should be dismissed where the first count charges the defendant with the maintenance of a disorderly house and the second count charges her with the maintenance of a public nuisance in that she maintained a house of prostitution, where there is no allegation

that the house mentioned in the second count is the same as that mentioned in the first count.

No error was committed by the failure to withdraw the plea of not guilty before permission was granted the defendant to demur to the indictment where, after the demurrer had been overruled, the trial proceeded without the plea of not guilty being renewed, for the procedure adopted was equivalent to the withdrawal of the plea of not guilty before the interposition of the demurrer, and the renewal of the plea after the demurrer was filed.

APPEAL by the defendant, Marie Williams, from a judgment of the County Court of Orange county, entered in the office of the clerk of said county on the 23d day of March, 1925, convicting her of the crimes of keeping a disorderly house and of maintaining a public nuisance, with notice of intention to bring up for review upon said appeal two orders entered in said clerk's office on the 3d day of April, 1925, overruling a demurrer and denying defendant's motion for a new trial made upon the minutes.

A motion heretofore made to dismiss the appeal was denied. (See 213 App. Div. 482.)

*Henry Hirschberg,* for the appellant.

*Elmer H. Lemon, District Attorney,* for the respondent.

JAYCOX, J.:

Upon arraignment the defendant entered a plea of not guilty, and a date was fixed for the trial. Upon that date the defendant appeared with her attorney. The case was moved for trial and then the defendant filed a demurrer to the indictment upon the grounds, *first,* that the indictment charges the defendant with the commission of more than one crime within the meaning of sections 278 and 279 of the Code of Criminal Procedure; *second,* that the indictment fails to state facts sufficient to constitute a crime. The plea was not withdrawn. The demurrer was overruled and an order to that effect was duly made and entered. The trial then proceeded without the plea of not guilty being renewed.

Upon this appeal the appellant brings up for review, by proper notice, the order overruling the demurrer. In fact, the only ground urged for reversal is, that the indictment charges two crimes within the meaning of sections 278 and 279 of the Code of Criminal Procedure, and that, therefore, the demurrer should have been sustained.

The first count of the indictment accuses the defendant of keeping and maintaining a disorderly house and alleges that she " did keep and maintain, and yet continues to keep and maintain a certain disorderly house." The second count of the indictment accuses the defendant of maintaining a public nuisance and alleges that defendant " did unlawfully and injuriously maintain a certain

house of prostitution." In addition to what I have quoted, the first count of the indictment alleged the necessary facts to show the keeping of a disorderly house and the second count alleged the necessary facts to show the maintenance of a public nuisance.

The question involved here is, did the indictment show that the house mentioned in the second count is the same house that is mentioned in the first count? The only description of the house, contained in the indictment, is that it is in the town of Highlands in the county of Orange, State of New York. For all that appears in the indictment, each count may have referred to a separate and distinct house. There is nothing by which the house may be identified; no village named; no street or number given. It was physically possible for the defendant to have two houses and to maintain one as a disorderly house and to so conduct the other that it would be a public nuisance.

Section 278 of the Code of Criminal Procedure provides: "The indictment must charge but one crime and in one form except as in the next section provided." Section 279 provides as follows: "The crime may be charged in separate counts to have been committed in a different manner or by different means; and where the acts complained of may constitute different crimes, such crimes may be charged in separate counts."

It, undoubtedly, was the intention here to charge two crimes arising out of the same transaction. In doing this, however, it is necessary to show by appropriate allegations that the same transaction is actually involved in both crimes charged. This is sometimes done by alleging such a state of facts in each count that the court can readily see that they describe the same transaction. (*People* v. *Cucchiara,* 209 App. Div. 326. See, also, *People* v. *May,* 179 App. Div. 290, in which it was held that the facts alleged were not sufficient to show that the same transaction was involved in the several crimes therein charged.)

In this case, however, the indictment is absolutely barren of any facts which would tend to show that the house referred to in the first count of the indictment is the same house that is referred to in the second count. Under these circumstances it was necessary to make a direct allegation that the same house was referred to in both counts. This could have been done by referring in the second count to "said house," the "house aforesaid" or the "house referred to" in the previous count. In the absence of such an allegation it cannot be presumed that the same house is referred to in both counts of the indictment. (*People* v. *Goldner,* 70 Misc. 199; *People* v. *May, supra.*)

The district attorney urges that as the plea of not guilty was not

withdrawn the demurrer was improper and that the order over-ruling the same may be sustained upon that ground (citing *People v. Kahn*, 155 App. Div. 821). The stenographer's minutes show that, although the plea of not guilty was not withdrawn, the court gave the defendant leave to file a demurrer. After the demurrer had been interposed and overruled the trial proceeded without the plea of not guilty being renewed. I think this is equivalent to the withdrawal of the plea of not guilty before the interposition of the demurrer, and the renewal of the plea of not guilty after the demurrer had been overruled. The situation at the time the demurrer was filed and the conduct of the parties immediately after indicate that this is what they all intended and what they all understood was the effect of what they did. (*People* v. *Bradner*, 107 N. Y. 1.)

The judgment of conviction of the County Court of Orange county, and the order overruling the demurrer, should be reversed on the law, the demurrer sustained, the indictment dismissed, and the defendant discharged.

KELLY, P. J., RICH, KELBY and KAPPER, JJ., concur.

Judgment of conviction of the County Court of Orange county, and order overruling demurrer, reversed on the law, demurrer sustained, indictment dismissed and defendant discharged.