In the Matter of the Application of JOSEPH W. MOORE and Others, Constituting the Board of Parole of the State of New York, Petitioner, for an Order of Mandamus against FRANK B. THORN, Special County Judge, Erie County, Respondent.

Supreme Court, Erie County, January 9, 1935.

*John J. Bennett, Jr., Attorney-General [Henry Epstein, Solicitor General, of counsel], for the petitioners.*

*Frank B. Thorn, Special County Judge of Erie county.*

*John S. Knibloe, for the defendant Walter Groom.*

HINKLEY, J. Petitioners, constituting the Board of Parole of the State of New York, seek an order of peremptory mandamus directing the respondent, Hon. FRANK B. THORN, special county judge of Erie county, " to vacate his order dated November 29, 1933, suspending sentence of one Walter Groom, and further directing him to remand said Walter Groom to prison there to serve his sentence pursuant to law."

The said Walter Groom was convicted of rape, first degree, and sentenced by said special county judge on December 3, 1926, to a term of thirty years in Auburn State Prison. The said Groom thereupon entered prison and commenced the service of his sentence.

By an order of Hon. ALMON W. LYTLE, one of the justices of this court, said prisoner Groom was, on November 29, 1933, returned to the County Court before Judge THORN for resentence. The claim was made that at the time of the original sentence on December 3, 1926, no information had been filed with the court charging the prisoner Groom with a previous felony.

Upon the original arraignment of Groom for judgment on the 3d day of December, 1926, the court had the power to suspend sentence or suspend the execution of the judgment (Penal Law, § 2188).

The court had no right or authority to impose upon him the sentence prescribed for a so-called second offender without according to the then defendant every right provided in section 1943 of the Penal Law. The court was convinced on November 29, 1933, that at the time of the original sentence the requirements of section 1943, then in effect only a few months, and which were somewhat confusing, had not been fulfilled. These requirements were essential as a preliminary to a legal judgment and sentence of the defendant as a second offender. (*People* v. *Gowasky*, 244 N. Y. 451.) The court thereupon on November 29, 1933, upon a written information filed by the district attorney, informed the prisoner of his rights and the prisoner admitted his identity as the one who was charged in the information as having been previously convicted. The court thereupon vacated its former sentence of December 3, 1926, in accordance with section 1943 of the Penal Law and imposed a new judgment and sentence upon the prisoner, of twenty years in Attica State Prison. Thus far there is no claim that the special county judge did not proceed with strict regularity and in conformity with the statute.

It appears that after the imposition of the sentence of twenty years in Attica State Prison the court suspended the execution of the judgment and the prisoner was placed on probation.

The question is squarely raised by the petitioners constituting the Board of Parole of the State that no authority or discretion vested in the special county judge to suspend the execution of the judgment and sentence of twenty years at the time of resentence. Section 2188 of the Penal Law both authorizes and limits the powers of the court to suspend sentence and suspend the execution of sentence or judgment. Petitioners claim that the act of the special county judge in suspending the execution of the sentence

at the time of resentencing was prohibited by the last part of section 2188 of the Penal Law, which is as follows: " Provided, however, that the imprisonment directed by the judgment, shall not be suspended or interrupted after such imprisonment shall have commenced."

The answer to the question herewith presented calls for a definition or a determination of the meaning of the words " imprisonment directed by the judgment." The original sentence was the final judgment of the court, " and in criminal cases, in the vocabulary of the common law, the sentence given by the court is the judgment rendered by it." (*Manke* v. *People*, 74 N. Y. 415, at p. 424; *People* v. *Salter*, 192 App. Div. 435.) The original sentence or judgment having been vacated, the court imposed a new sentence or judgment. It was that new sentence or judgment which the court interrupted by a suspension of the execution of the new sentence or judgment prior to the time when such imprisonment (that directed by the new judgment) had commenced. The terms " sentence " and " judgment " are used interchangeably in the heading of section 2188 of the Penal Law as well as twice in the body of the section. Reference is also had to sections 2180, 2191, 2192 and 2193 of the Penal Law and sections 471 and 482 of the Code of Criminal Procedure, and other sections.

The powers of the court at a time of resentence are and should be broad. The court is not limited to an automatic increase of the original sentence upon the return of a prisoner for resentence. Had the prisoner at the time of resentence not admitted his identity as to a previous conviction and the People been unable to establish such identity, concededly the court would have been called upon to reduce the original sentence. That would surely have been an interruption of the imprisonment directed by the original judgment after such imprisonment had commenced.

By the language of section 1943 of the Penal Law, the Legislature did not direct the keeping alive and valid of the original sentence and judgment or direct that the increased penalty be added to the original sentence and judgment. On the contrary, it specifically directed " the court *shall sentence* him to the punishment prescribed in said sections nineteen hundred and forty-one and nineteen hundred and forty-two, as the case may be, and *shall vacate the previous sentence*, deducting from the new sentence all time actually served *on the sentence so vacated*."

The power to set aside a void judgment is inherent in the courts. (*People ex rel. Friedman* v. *Hayes*, 172 App. Div. 442.)

The question here involved seems to be a novel one. The cases cited by the Attorney-General are only applicable in the light of

the premise that the original judgment remains in existence after being vacated so far as the latter part of section 2188 is concerned. This decision does not rest upon any consideration of the merits of probation in this case or damage to the community by the release of the prisoner or the fact that applications for executive clemency had been denied. The question is a vital one to the administration of criminal procedure and the Attorney-General may, by an appeal, obtain an authoritative decision of a higher court.

Petition denied.