The People of the State of New York ex rel. Frank J. Walsh, on Behalf of Harry Miller, Appellant, for a Writ of Habeas Corpus v. Lewis E. Lawes, as Warden of Sing Sing Prison, Ossining, N. Y., Respondent.— Appeal from an order dismissing a writ of habeas corpus and remanding the prisoner Harry Miller to the custody of the warden of Sing Sing Prison. Order affirmed, without costs. The appellant's grievances are without substance. Assuming, however, that they presented substantial error, his remedy was by appeal. (Code Crim. Proc. § 543; People v. Bretton, 144 App. Div. 282; People v. Rosen, 150 id. 595.) Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

Daniel J. Rice, Inc., Plaintiff, v. Board of Education, School District No. 1, Town of Putnam Valley and Phillipstown, Putnam County, and Fishkill, Dutchess County, Cold Spring, New York, Respondent, and John Winkel Co., Inc., Appellant.— Action to recover damages for delaying a contractor in the performance of certain work under a contract. Order denying motion of an impleaded defendant for an order dismissing the complaint set forth in a supplemental pleading as against said defendant or, in the alternative, that the supplemental pleading be made more definite and certain, affirmed, with ten dollars costs and disbursements, with leave to answer within ten days from the entry of the order hereon. No opinion. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

Ryan-Bulkley-Hickey Corporation, Appellant, v. Minnie B. Steinbuch, Respondent.— Order granting defendant's motion for summary judgment and dismissing the complaint, and judgment entered thereon, unanimously affirmed, with ten dollars costs and disbursements. In our opinion plaintiff's claim accrued in 1933, when the trustees settled plaintiff's accounts and completely liquidated its assets. The action, having been commenced more than six years after plaintiff's claim accrued, is barred by the Statute of Limitations. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

San Marco Construction Corp., Appellant, v. Patsy Luciano, Respondent. — Order of the County Court, Westchester County, denying motion of the judgment creditor for an order under section 793, Civil Practice Act, fixing a judgment debtor's earning power and income at fifty dollars a week, and directing payment by the debtor to the creditor of ten dollars a week, reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, without costs, to the extent of fixing the debtor's income at fifty dollars a week, and requiring the payment of five dollars a week upon the judgment. The evidence discloses that a business conducted in the name of the debtor's wife is actually owned and operated by the debtor. The payments that he makes for rent and living expenses reveal that his income is in excess of fifty dollars a week. He is, therefore, able to pay five dollars a week on account of the judgment. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.