■ AUTOMATIC CANTEEN COMPANY OF AMERICA et al., Appellants, v. CITY OF BUFFALO, Respondent.— Judgment unanimously modified in accordance with the memorandum and as modified affirmed, without costs of this appeal to any party. Memorandum: Appellants-plaintiffs jointly asked for a declaratory judgment declaring that article XVII, sections 330 through 341 of chapter 7 of the ordinances of respondent-defendant City of Buffalo, requiring the licensing of certain vending machines, is invalid and unconstitutional. The trial court found that one section of the ordinance dealing with citizenship and age was unconstitutional and no appeal was taken from this determination. The court further found that this section did not affect the total constitutionality of the ordinance and held that the rest of the ordinance was constitutional and valid and dismissed the complaint. We agree with this conclusion. However, in these circumstances the court should not have dismissed the complaint but should have declared the rights of the parties, i.e., declared that the ordinance is constitutional (*Hoffman* v. *City of Syracuse*, 2 N Y 2d 484, 487; *Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45, 51; *Matter of Mandis* v. *Gorski*, 24 A D 2d 181, 184). The trial court having failed to do this, the judgment appealed from should be modified by declaring that judgment be entered in favor of defendant. (Appeal from judgment of Erie Trial Term, adjudging as to the constitutionality of ordinances as to taxes against certain types of vending machines.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WAYNON W. BROWN, Appellant.— Judgment unanimously reversed on the law and facts and in the exercise of discretion, indictment dismissed, and defendant discharged. Memorandum: After a mistrial and two disagreements defendant on April 28, 1964 was convicted of unlawful assembly and assault third degree (misdemeanors). Sentence was suspended and defendant placed on probation for one year. The references to defendant's religion on cross-examination and the admission in evidence of Exhibit 15 were irrelevant, unnecessary to the establishment of any essential element of the crimes charged and so prejudicial as to deprive defendant of a fair and impartial trial. Minimally defendant would be entitled to a new trial. (*People* v. *Posner*, 273 N. Y. 184.) However, since he has served his probationary period, the ends of justice will be accomplished in this case by the dismissal of the indictments and the discharge of the defendant. (Cf. *People* v. *Kvalheim*, 17 N Y 2d 510; *People* v. *Scheuren*, 148 App. Div. 324.) (Appeal from judgment of Monroe County Court and a jury, convicting defendant of unlawful assembly and assault, third degree.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERBERT CAMPBELL, Appellant. Same decision and like cause of action as in *People* v. *Brown* (26 A D 2d 614), decided herewith.