In the Matter of the Claim of ABRAHAM GASSMAN, Respondent, against S. & A. SERVICE CORPORATION, Employer, and STATE INSURANCE FUND, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of CARL RIVENBURG, Respondent, against MORRIS ESTATE and ROYAL INDEMNITY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of ANNA BRENNAN and Others, Respondents, against HOCKENSMITH CONSTRUCTION Co. and NEW AMSTERDAM CASUALTY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL MARKS, Alias MICHAEL FISHER, Alias MORRIS LENETSKY, Appellant.— Appeal from a judgment of the County Court of Chemung county rendered on September 22, 1936, sentencing appellant to imprisonment for a term of not less than ten nor more than twenty years, upon the verdict of a jury convicting him of the crimes of burglary in the third degree and petit larceny. The evidence is ample to sustain the conviction. This court does not approve the remarks of the district attorney on summation but feels that in view of the clear proof of defendant's guilt they were not sufficiently prejudicial to warrant a reversal. The sentence, however, is illegal. The crime was committed on October 8, 1935, at which time section 1941 of the Penal Law (as amd. by Laws of 1926, chap. 457) provided that the sentence to be imposed upon a second offender must be to imprisonment for a term not less than the longest term, nor more than twice the longest term prescribed upon a first conviction. The provision for an indeterminate sentence then applied only to a first offender. (Penal Law, § 2189, as amd. by Laws of 1933, chap. 773.) At the time of trial, however, section 1941 of the Penal Law (as amd. by Laws of 1936, chaps. 70 and 328) provided that a second offender should receive an indeterminate sentence with a certain prescribed minimum and maximum. Upon appearing for sentence appellant was charged by information with being a second offender and admitted this charge. The statute in effect at the time of the commission of the crime controls and the sentence for the felony conviction should have been determinate. Consequently the imposition of an indeterminate sentence was improper. Judgment of conviction affirmed, but the sentence is vacated and set aside, and the appellant is directed to be brought before this court at the term commencing March 13, 1939, for the imposition of a proper sentence. Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ., concur. [See <em>post</em>, p. 1027.]