FRANK F. PALMISON, P. RAYMOND SIRIGNANO and LOUIS R. PAGANO, Copartners, Doing Business under the Firm Name and Style of PALMISON, SIRIGNANO & PAGANO, Appellants, v. NEW YORK CHRISTIAN HOME FOR INTEMPERATE MEN, Respondent.— Action for the recovery of a commission by the plaintiffs, as brokers, on the sale of certain parcels of real property owned by the defendant. Judgment dismissing the complaint at the close of the plaintiffs' case unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BARTON B. CORWIN, Appellant.— Judgment of the County Court, Suffolk county, convicting the defendant of a violation of section 1053-a, Penal Law (criminal negligence in the operation of a vehicle resulting in death), unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH NATUZZI, Also Known as GUISEPPE NATUZZI, Appellant.— Judgment rendered by a city magistrate, sitting as a Court of Special Sessions of the City of New York, Borough of Queens, convicting defendant of a violation of section 50 of the Workmen's Compensation Law, unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY SCHECTMAN, Alias HENRY FREIDMAN, Appellant.— Appeal from a judgment of the County Court of Kings county convicting the defendant of the crime of robbery in the first degree and sentencing him to fifteen to thirty years in Sing Sing, together with an additional term of five to ten years because the defendant was armed with a gun at the time of the commission of the offense. Judgment of conviction unanimously affirmed. The matter, however, is remitted to the County Court for resentence, depending upon the outcome of an inquiry respecting whether or not the defendant was armed at the time of the commission of the offense. The indictment did not charge the defendant with having committed the robbery while armed. The jury's finding that he was guilty does not necessarily import that he was armed. The testimony that was adduced on this point was not directed to the issue so far as the indictment apprised the defendant that he was charged with being armed. There has, therefore, been no inquiry in a proceeding where the defendant was apprised that he was charged with having been armed. Such a hearing should be conducted and upon that hearing the court should determine as a fact whether or not the defendant was armed. On the hearing the defendant may meet that sole issue. (*People* v. *Caruso*, 249 N. Y. 302.) An additional term may or may not be imposed, dependent upon the determination of that issue. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ,