THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN H. MELLON, Appellant, Impleaded with STEPHEN BAYER and Others, Defendants.

First Department, March 7, 1941.

*Irving Jackman,* for the appellant.

*Whitman Knapp, Deputy Assistant District Attorney,* of counsel [*Thomas E. Dewey, District Attorney*], for the respondent.

COHN, J.   On May 27, 1940, upon a plea of guilty to the crime of attempted forgery in the second degree under one indictment, defendant Mellon was sentenced to State's prison for not less than two and not more than four years, and upon a plea of guilty to the crime of attempted grand larceny in the second degree under another indictment, the defendant received a sentence of not less than one and not more than two years, the sentences to run consecutively.   Over a month later and on June 28, 1940, defendant made a motion for resentence asserting that he had pleaded guilty pursuant to an understanding with the trial court, theretofore made, that his maximum term to cover all indictments would not exceed five years, and requesting that execution of the second sentence of from one to two years, be suspended.   The court stated that no such promise had ever been made and denied defendant's motion.   On July 29, 1940, more than two months after sentence had been imposed, defendant appealed from the order denying the motion for his resentence.

Upon the facts in this case, we hold that no appeal lies from an order denying a motion for resentence except as it forms part of the judgment roll on an appeal duly taken from the judgment of conviction. In a situation almost identical with the present one, this court so decided. (*People* v. *Goodman,* 233 App. Div. 672.) The Code of Criminal Procedure (§ 517) provides that an appeal may be taken by the defendant from " the judgment on a conviction." The sentence in a criminal case, as entered in the court's minutes, is the judgment of conviction. (*People* v. *Bork,* 78 N. Y. 346, 350; *People* v. *Bradner,* 107 id. 1, 11; *People* v. *Canepi,* 181 id. 398, 402; *People* v. *Markham,* 114 App. Div. 387, 389.)

An appeal in a criminal case is not a matter of inherent right but exists only by authorization of statute. (*People* v. *Zerillo,* 200 N. Y. 443; *People* v. *Mascola,* 174 App. Div. 360.) Defendant's claim that the sentence was not justified by virtue of an alleged agreement which he alleges was entered into before judgment had been pronounced, could only be reviewed upon an appeal from the judgment of conviction. He took no appeal from that judgment within the time prescribed by statute and in the circumstances the statute gives him no other means of having his sentence reviewed. In fact, we have held that the trial court is without power to reconsider a sentence imposed upon a defendant upon the termination of the term or session of the court, or even during the term or session of the court, where the sentence has been put into execution. (*Matter of Cedar,* 240 App. Div. 182, 186; affd., 265 N. Y. 620.)

While ordinarily no appeal lies from an order denying a motion for resentence, where the question of the correctness or legality of the sentence is raised the rule is otherwise. A motion to correct a sentence so as to make it conform to the statute as it existed at the time of the commission of the crime is proper at any time (*People ex rel. Miresi* v. *Murphy,* 253 App. Div. 441), and an appeal from the new sentence imposed thereon is, in effect, an appeal from the judgment of conviction which brings up for review only the question of the correctness of the amended sentence. (*People* v. *Geller,* 258 App. Div. 954; affd., 284 N. Y. 573; *People* v. *Baumeister,* 258 App. Div. 783; affd., 283 N. Y. 625; *People* v. *Keller,* 259 App. Div. 993.) Such corrected sentences are properly made, *nunc pro tunc.* (*People* v. *Baumeister, supra; People* v. *Coleman,* 264 N. Y. 536.)

Though a defendant fails to appeal from a judgment of conviction embodying an incorrect sentence, he may raise the question later by habeas corpus proceedings (*People ex rel. Miresi* v. *Murphy, supra*) or by an application for a resentence in the trial court. (*People ex rel. Sloane* v. *Lawes,* 255 N. Y. 112; *People* v. *Coleman, supra.*) In the case at bar, however, defendant sought a resentence,

not because of any claim of illegality in the sentence, but to review the conduct of the proceeding before sentence was imposed. An examination of such proceeding could be obtained only by an appeal from the judgment of conviction, which, under our statute, had to be taken within thirty days after· the rendition of judgment. (Code Crim. Proc. § 521.)

It is not to be assumed that this court accepts as well founded defendant's claim that an understanding had with him was violated. The district attorney urges that the record shows the contrary to be the fact. However, we are precluded from considering that question because defendant did not appeal from the judgment of conviction as required by law.

For the foregoing reasons the appeal must be dismissed.

MARTIN, P. J., GLENNON, DORE and CALLAHAN, JJ., concur.

Appeal unanimously dismissed.