THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHARLES E. ROZEA, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES E. ROZEA, Appellant, against WARDEN OF QUEENS COUNTY JAIL, Respondent.

Second Department, April 11, 1944.

*Charles E. Rozea,* appellant in person.

*Charles P. Sullivan, District Attorney* (*Henry W. Schober* of counsel), for respondent.

*Per Curiam.* Appellant was convicted in the County Court of Queens County of the crimes of robbery in the first degree, grand larceny in the first degree, assault in the first degree and burglary in the third degree, and on March 15, 1940, sentenced as a second offender to State prison for a term of not less than thirty nor more than sixty years on the robbery count and for a term of not less than ten nor more than twenty years on each of three burglary counts, all of which sentences were to run concurrently. The judgment was affirmed by this court (262 App. Div. 778) and the Court of Appeals (288 N. Y. 561). Neither in this court nor in the Court of Appeals did appellant contend that the imposition of an indeterminate sentence was improper, although the statute in effect at the time of the commission of the crimes required that the sentence for a second offense be for a fixed term. (*People* v. *Washington,* 264 N. Y. 335.) Thereafter, upon petition of defendant a writ of habeas corpus was issued, returnable on April 24, 1943, before the Supreme Court, Cayuga County. On May 10, 1943, an order was entered dismissing the writ and directing that defendant be remanded to Queens County to be sentenced by a court of competent jurisdiction for a fixed term.

Upon defendant's return to Queens County he procured another writ of habeas corpus, returnable at the Supreme Court,

Queens County. He then claimed that to sentence him again would subject him to double jeopardy. On June 18, 1943, an order was entered dismissing the writ and remanding defendant for resentence in accordance with the order of the Supreme · Court, Cayuga County.

On June 24, 1943, the County Judge of Queens County revoked the sentence pronounced on March 15, 1940, and sentenced defendant as of that date to a flat term of thirty years on the robbery count and to a flat term of ten years on each of three burglary counts, all of such sentences to run concurrently, and judgment was entered accordingly. Defendant appeals from the judgment entered June 24, 1943, and the sentence imposed on that date, and also from the order entered June 18, 1943, dismissing the writ of habeas corpus.

The judgment should be affirmed. (*People* v. *Mellon,* 261 App. Div. 400, and cases cited; *People* v. *Schectman,* 260 App. Div. 875; *People* v. *McKenna,* 266 App. Div. 976.)

The appeal from the sentence and from the order dismissing the writ of habeas corpus should be dismissed.

HAGARTY, J. (dissenting in part). Defendant, upon a verdict of guilty, on March 15, 1940, after trial at the County Court of Queens County, was sentenced, as a second offender, to indeterminate terms of imprisonment. On his appeal from the judgment upon conviction, that judgment was affirmed by this court (262 App. Div. 778) and by the Court of Appeals (288 N. Y. 561). The Code of Criminal Procedure (§ 520) provides that " Every person convicted in a criminal action or proceeding shall have the right to have such judgment of conviction or order reviewed on appeal by an appellate tribunal as herein provided, but there shall be only one such appeal and the decision of the appellate court shall be final, *. * *.'' Despite this statutory provision, this court is entertaining another appeal from a so-called new judgment of conviction upon the same verdict and affirming that judgment.

This result ensues from defendant's successful challenge addressed to the validity of the sentence imposed upon him. At the time of the commission of the crime, the provisions of chapter 457 of the Laws of 1926, then in effect, required, as to a second offender, the imposition of a definite term of imprisonment. (*People* v. *Washington,* 264 N. Y. 335.) The error in the imposition of the indeterminate sentence was urged for the first time in a habeas corpus proceeding thereafter instituted

on behalf of defendant. An order was made by the Supreme Court of the County of Cayuga on May 10, 1943, dismissing the writ, but directing that the defendant be returned to the county of Queens to be resentenced by a court of competent jurisdiction. He was remanded, and after dismissal, on June 18, 1943, of another writ of habeas corpus issued on his behalf, his sentence was revoked and he was resentenced on June 24, 1943, to a definite term of imprisonment.

On the ground that the judgment of conviction and the original sentence were, for all purposes, one and the same, the majority of this court, in effect, holds that when the original sentence was set aside, the judgment of conviction *ipso facto* was set aside, and that the resentence was a new and superseding judgment of conviction. My opinion is that the judgment upon conviction is separable from the sentence imposed, that such judgment remained unaffected by the setting aside of the original sentence and that no appeal lies from the resentence.

Prior to the amendment of section 517 of the Code of Criminal Procedure in 1913 (L. 1913, ch. 125), sentence and judgment were regarded, for some purposes at least, as coextensive in meaning. " The sentence * * * was the judgment of the court which the writ of error brought up for review." (*Manke* v. *People,* 74 N. Y. 415, 427.) " The judgment in a criminal case upon conviction is the sentence of the court." (*People* v. *Bradner,* 107 N. Y. 1, 11.) A defendant was not to be deemed adjudged convicted of a crime until imposition of sentence, even though sentence had been suspended. (*People* v. *Bork,* 78 N. Y. 346, 350; *People* v. *Fabian,* 192 N. Y. 443; *People* v. *Markham,* 114 App. Div. 387.) In that year (1913) the following sentence was added to section 517: " For every purpose of an appeal herein, a conviction shall be deemed a final judgment, although sentence has been or may hereafter be suspended by the court in which the trial was had, or otherwise suspended or stayed, and the supreme court upon such an appeal may review all decisions of the court upon a motion for a new trial, or in arrest of judgment. * * *." The amendment severed the judgment upon conviction from the sentence. Thus, the formal suspension of sentence serves as necessary, final and conclusive evidence that a defendant stands convicted of the crime of which he has been found guilty. Other evidence of the judgment required as part of the judgment roll (Code Crim. Pro. § 485) is an entry upon the minutes, by the clerk, of the judgment and of any proceedings upon a motion either for a new trial or in arrest of judgment. By the same

token, the imposition of sentence, even though erroneous or void, establishes the judgment of conviction, which is final.

Other statutes showing the severability of conviction from sentence are section 543 of the Code of Criminal Procedure (as amd. by L. 1919, ch. 282), making provision in the alternative with respect to "the judgment * * * or sentence * * * ", section 1943 of the Penal Law, under the title "Procedure relating to resentencing," that "If at any time, either after sentence or conviction, it shall appear * * * " (L. 1926, ch. 457), and finally section 482 of the Code of Criminal Procedure which provides, inter alia, "Before rendering judgment or pronouncing sentence * * *." (as amd. by L. 1927, ch. 327).

The trend from the common-law doctrine that sentence and judgment are unqualifiedly one and the same commenced long prior to the enactment of the considered statutes. Prior to 1863, if an erroneous sentence was imposed, the appellate tribunal had no power to reverse and remit for resentence, so that, even though the trial and conviction were regular, the prisoner was entitled to his discharge. In accordance with a statute enacted in that year (L. 1863, ch. 226) the practice of reversing and remitting for resentence was adopted. (*Ratzky* v. *People*, 29 N. Y. 124, 132; *People* v. *Bork*, 96 N. Y. 188, 200.) In *People ex rel. Devoe* v. *Kelly* (97 N. Y. 212, 215), a habeas corpus proceeding, a defendant who had been illegally sentenced upon conviction was remanded for resentence by the Court of Appeals which, nevertheless, took occasion to say: "But the conviction is still valid * * *." Thus, despite the judicial expressions to the effect that sentence and judgment were the same, and the determination with respect to suspended sentences, prior to the amendment of section 517 of the Code of Criminal Procedure in 1913, the practice of remitting for resentence while upholding the judgment of conviction, deeming them severed, impliedly at least, was instituted.

The present practice, recognizing the separability of judgment and sentence by affirming a judgment of conviction, despite erroneous sentence, and simultaneously resentencing or remitting for resentence, stems from the authority of *People* v. *Salter* (192 App. Div. 435). In that case this court had previously, on appeal by defendant from a judgment of conviction, affirmed the judgment and set aside the sentence as illegal. (*People* v. *Salter*, 191 App. Div. 723, 727.) A motion by the District Attorney for reargument on the ground that there should have been a reversal was denied. It was held, on the

authority of *People ex rel. Devoe* v. *Kelly* (*supra*) and section 543 of the Code of Criminal Procedure, that there should be no reversal for the reason that '' The erroneous sentence does not affect the rightful conviction.'' The severance of judgment of conviction from the sentence is now settled practice (e. g., *People* v. *Goggin* and *People* v. *Murphy,* 256 App. Div. 995, affd. 281 N. Y. 611; *People* v. *Voelker,* 220 App. Div. 528; *People* v. *Marks,* 256 App. Div. 1015; *People* v. *Schectman,* 258 App. Div. 743). Such practice could not be justified if the sentence and the judgment of conviction were identical and, for the same reason, the practice, of which this case is an example, of resentencing a defendant through the medium of a habeas corpus proceeding could not be vindicated. (*People ex rel. Fernandez* v. *Kaiser,* 230 App. Div. 646, affd. 256 N. Y. 581, certiorari denied 284 U. S. 631; *People ex rel. Lorraine* v. *Lawes,* 275 N. Y. 620; *People ex rel. Temple* v. *Brophy,* 248 App. Div. 442, affd. 273 N. Y. 487; *Matter of Cropsey* v. *Tiernan,* 172 App. Div. 435; *People ex rel. Friedman* v. *Hayes,* 172 App. Div. 442; *People ex rel. Miresi* v. *Murphy,* 253 App. Div. 441; *People ex rel. Mummiani* v. *Lawes,* 258 App. Div. 643.)

Cases may be cited where an appeal was entertained from a judgment of conviction upon resentence. In all of those to which my attention has been called, the question of appealability was not presented. There is no statutory authorization for an appeal limited or restricted to a resentence, as suggested in the dictum in *People* v. *Mellon* (261 App. Div. 400, 401). Examination of the cases on appeal in the authorities there cited (*People* v. *Geller,* 284 N. Y. 573; *People* v. *Baumeister,* 283 N. Y. 625; *People* v. *Keller,* 259 App. Div. 993) discloses that the District Attorney, in his brief in each case, sought affirmance. So far as appears, in each of those cases, unlike the present, there had been no prior appeal. No motion to dismiss any of the appeals appears to have been made although they were not timely as judgment of conviction had been rendered upon the imposition of the original sentence. Discussion approaching the question is contained in the third point of the District Attorney's brief in the *Geller* case (*supra*), but even that point bears the title '' The only question properly before this Court is the correctness of the resentence.''

The order dismissing the writ of habeas corpus should be affirmed; and the appeal from the resentence, characterized in the notice of appeal as an appeal from a '' judgment and sentence,'' should be dismissed.

CLOSE, P. J., CARSWELL, JOHNSTON and ADEL, JJ., concur in *Per Curiam* opinion; HAGARTY, J., dissents in part and votes to affirm the order dismissing the writ and to dismiss the appeal from the resentence, characterized in the notice of appeal as an appeal from a " judgment and sentence," in opinion.

Judgment of the County Court of Queens County affirmed.

Appeal from sentence, and from order dismissing writ of habeas corpus dismissed.