## (March 8, 1945.)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK N. TARAS, Appellant.— Respondent's motion is granted to the extent of dismissing the appeal except insofar as it may properly present for review the legality of the resentence imposed upon the appellant by the County Court of Queens County on August 4, 1943, and the scope of the appeal is limited accordingly. In all other respects the motion is denied. Appellant has the right to review the legality of the resentence by appeal from the amended judgment of conviction entered thereon. (People v. Rozea, 267 App. Div. 569.) His right to review the legality of the prior proceedings to and including the rendition of the verdict was lost by his failure to appeal within the time allowed by law from the judgment of conviction entered on the original sentence. (Code Crim. Pro., § 521.) That judgment was not void (Matter of Morhous v. N. Y. Suprema

*Court,* 293 N. Y. 131; *People ex rel. Wachowicz* v. *Martin,* 293 N. Y. 361; *Matter of Lyons* v. *Robinson,* 293 N. Y. 191) and the error in the original sentence could have been reviewed upon a timely appeal. While that right of review by appeal was lost through failure to take an appeal, the appellant was able to test the legality of the original sentence in a habeas corpus proceeding. (*People ex rel. Taras* v. *Kirby,* 266 App. Div. 872.) However, in that proceeding, the order which remanded him for resentence did not affect the validity of the prior proceedings, nor did it revive the right to review by appeal such prior proceedings, which right had been lost by the failure to appeal. The present appeal brings up for review only the question of the correctness of the amended sentence. (*People* v. *Mellon,* 261 App. Div. 400; *People* v. *Geller,* 258 App. Div. 954, affd. 284 N. Y. 573; *People* v. *Keller,* 259 App. Div. 993.) Carswell, Adel, Lewis and Aldrich, JJ., concur; Hagarty, Acting P. J., dissents and votes to grant the motion to dismiss the appeal in its entirety. (See dissenting opinion in *People* v. *Rozea,* 267 App. Div. 569, 571.) [See *post,* p. 705.]