In the Matter of BERTHA G. NEITLICH, Appellant, against FRANK C. MOORE, as Comptroller of the State of New York, et al., Respondents.— Order dismissing appellant's application to direct the payment by the Comptroller of the State of New York of a pension to appellant, pursuant to the provisions of section 65-a of the Civil Service Law, unanimously affirmed, without costs. The evidence taken upon the original application for an accidental death benefit and upon the reopening of the case by consent of the parties in 1942, in the aspect most favorable to appellant, was insufficient, as a matter of law, to establish any accident within the meaning of section 65-a of the Civil Service Law. In view of this determination this court does not express any opinion with respect to the effect of subdivision 5 of section 54 of the Civil Service Law, as added by chapter 577 of the Laws of 1938, effective April 8, 1938, relating to the authority and duty of the Comptroller in the determination of retirement and death benefit claims. Present — Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ.

DAGMAR JOHNSON, Respondent, v. GUNNAR JOHNSON, Appellant.— In an action for separation, judgment in favor of plaintiff and order modifying judgment unanimously affirmed, with costs. No opinion. Present — Close, P. J., Hagarty, Johnston, Adel and Aldrich, JJ. [See *post*, p. 843.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH DI SCHIEVI, Appellant.— Judgment of the County Court of Kings County, convicting the defendant of the crimes of burglary in the third degree and petit larceny and sentencing him to Sing Sing Prison for an indeterminate term, the maximum of which shall be ten and the minimum two years, and suspending sentence on the petit larceny count, unanimously affirmed. Appeal from order dismissed. No opinion. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL JANICKI, Appellant.— Judgment of a city magistrate, holding a Court of Special Sessions of the City of New York, Borough of Queens, convicting the defendant of violating sections 8, 170, 300 and 301 of the Multiple Dwelling Law, unanimously affirmed. No opinion. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MEYER MEERBAUM, Appellant.— Judgments of a city magistrate, holding a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting the defendant of violating sections 145, 78, 309 and 80 of the Multiple Dwelling Law, modified on the facts by reducing the fines assessed to $100 on each judgment of conviction. As so modified, the judgments are unanimously affirmed. In our opinion the fines imposed were excessive. Present — Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN MUCCIOLO, Appellant.— Defendant appeals from an order of the County Court, Kings County, denying his motion for resentence. Appeal dismissed. The order is not appealable. (*People* v. *Dietz*, 294 N. Y. 739.) Appellant's remedy is by habeas corpus. (*People ex rel. Taras* v. *Kirby*, 266 App. Div. 872; *People* v. *Taras*, 269 App. Div. 694.) Habeas corpus is a civil proceeding and appeals may be taken from the order in such a proceeding as provided in the Civil Practice Act. (*People* v. *Gersewitz*, 294 N. Y. 163.) Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ., concur.