THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM DAVIDSON, Appellant.

Argued March 18, 1948; decided April 22, 1948.

*Harry G. Anderson* and *Louis Fischbein* for appellant.

*Miles F. McDonald, District Attorney (Solomon A. Klein* of counsel), for respondents.

Judgment affirmed; no opinion.

Concur: LOUGHRAN, Ch. J., LEWIS, CONWAY, THACHER and DYE, JJ; FULD, J., dissents in memorandum in which DESMOND, J., concurs.

FULD, J. (dissenting). On August 3, 1946, defendant fired his revolver once, and, then immediately after, at least once again and as a result wounded two persons. He was properly adjudged guilty of two separate crimes of assault in the first degree. For those offenses the trial court imposed two sentences of imprisonment for indeterminate terms of five to ten years in State prison, to run consecutively. The imposition of such separate consecutive sentences is fully warranted.

In addition to the sentences referred to, the trial court also imposed — in connection with each of the two simultaneously committed assaults — an extra " five (5) years to ten (10) years additional for use of revolver pursuant to Section 1944 of the Penal Law ", and directed that such further sentences also " run consecutively ".

I am unable to agree with the judgment of this court insofar as it affirms the imposition of both these additional sentences. All recognize that the result is harsh; in my view, it is not only harsh but unauthorized. The statute (Penal Law, § 1944) was never designed to cover a situation such as here presented and to permit the imposition of separate additional punishments —of increased imprisonment of five to ten years — where the crimes were committed simultaneously.

The judgment should be modified by voiding and annulling the additional punishment of five to ten years imposed for commission of the crime charged in the fourth count of the indictment.