■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FERDINAND WILLIAMS, Appellant.— Appeal from a judgment of the County Court, Queens County, rendered April 16, 1957, convicting appellant after trial of robbery in the first degree (2 counts), grand larceny in the first degree (2 counts), and assault in the second degree (2 counts) and sentencing him to serve from 10 to 15 years on each of the robbery counts, such sentences to run consecutively, and additional sentences on the larceny and assault counts, such sentences to run concurrently with the sentences on the robbery counts. The indictment charged that appellant and another acting in concert and aiding and abetting each other in the night time, held up two named persons in the County of Queens on August 27, 1947. On January 21, 1948 the jury rendered its verdict finding appellant guilty as charged. On February 11, 1948 he was sentenced as a second felony offender, based on a 1935 felony conviction in New York County, to serve from 30 to 60 years. Appellant filed a notice of appeal, but the appeal was dismissed in January, 1949 for lack of prosecution. In November, 1956 appellant's conviction for the 1935 felony in New York County, the basis for the sentencing as a second felony offender in Queens County, was vacated. In March, 1957 appellant was resentenced for the Queens County crimes to serve from 20 to 30 years on each of the two counts of robbery and to serve lesser sentences for the larceny and assault counts. All sentences were to run concurrently. The sentence last imposed was, however, illegal in that the minimum was greater than one half of the maximum (Penal Law, § 2189). On appellant's application the illegal sentence was set aside and on April 16, 1957, he was again resentenced to serve from 10 to 15 years on each of the two counts of robbery, the sentences to run *consecutively*. Lesser sentences for each of the two counts of larceny and assault were imposed but these were to run concurrently with the consecutive robbery sentences. On this appeal a reversal of the judgment is sought on the grounds that (1) the consecutive sentences imposed on each of the robbery counts violate section 1938 of the Penal Law, and (2) that he did not have a fair trial. Judgment modified on the facts so as to provide that sentences of from 10 to 15 years on each of the two robbery counts are to run *concurrently* and not consecutively. As so modified, judgment unanimously affirmed. In view of the dismissal of the appeal from the original judgment of conviction for lack of prosecution, appellant may not now attack the prior proceedings up to and including the rendition of the verdict and, therefore, the contention that appellant did not have a fair trial lacks validity (*People* v. *Taras*, 269 App. Div. 694, affd. 296 N. Y. 983). Although each of the two robbery counts was a separate and distinct crime (*People* v. *Rodgers*, 184 App. Div.

461; *Hoag* v. *New Jersey*, 356 U. S. 464; *Ciucci* v. *Illinois*, 356 U. S. 571) for which separate consecutive sentences were proper (Penal Law, § 2190, subd. 4; *People* v. *Davidson*, 272 App. Div. 1066, affd. 297 N. Y. 894), we hold that the consecutive sentences imposed under the circumstances herein are harsh and excessive and an improvident exercise of discretion. The original sentence imposed in 1948 on appellant as a second felony offender was for 30 to 60 years. Although the two robbery counts were separate and distinct and consecutive sentences could have been imposed at that time, nevertheless only one sentence was imposed. Similarly, although it was discretionary with the court to impose consecutive sentences at the time of the first resentence (after the 1935 felony conviction had been set aside), appellant was nevertheless given one sentence of from 20 to 30 years. When the last-mentioned sentence was vacated for illegality, the court for the first time imposed consecutive sentences of from 10 to 15 years on each of the two robbery counts. The effect of the consecutive sentences was the imposition of a term of from 20 to 30 years — the same term as that of the sentence theretofore vacated for illegality. In our opinion, the imposition of the consecutive sentences under the circumstances herein constituted an abuse of discretion and should be annulled (Code Crim. Pro., § 543). Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.