■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM DAVIDSON, Appellant.— Appeal from an order of the County Court, Kings County, denying, after a hearing, appellant's application in the nature of a writ of error *coram nobis* to vacate a judgment of said court rendered January 16, 1947. By the judgment, as modified by this court (*People* v. *Davidson,* 272 App. Div. 1066, affd. 297 N. Y. 894; reargument denied 298 N. Y. 618, 308 N. Y. 757), appellant was sentenced to serve from 5 to 10 years for assault in the first degree committed on one James Davidson by discharging a revolver, plus an additional 5 to 10 years for being armed, and received a like sentence for a similar assault on one Raymond Barnes, the sentences to run consecutively. Appellant was thus sentenced to serve a total of from 20 to 40 years. Appellant claims that in the late 1930's he had been a client of the Judge (before he had ascended the Bench) who presided at the trial of the assault case for which appellant was sentenced as above indicated, that appellant and his associates had consulted such attorney and had a violent dispute with him, and that the Trial Judge, because of bias and prejudice against appellant, not only did not disqualify himself (although no motion therefor was made by appellant), but sentenced him to the severest sentence possible. On the hearing of this application, the Trial Judge denied appellant's version and denied prejudice or bias. The Judge presiding at the hearing disbelieved appellant's claim and denied the application. Order unanimously affirmed. In our opinion, the finding against appellant's claim of bias is amply supported by the minutes of the hearing. Present — Nolan, P. J., Beldock, Ughetta, Kleinfeld and Pette, JJ.

■ SIDEHILL CORPORATION et al., Respondents, v. GLENS FALLS INSURANCE COMPANY, Appellant, et al., Defendant.— In an action upon a policy of insurance to recover for injuries to property by windstorm, the appeal is from an order of the County Court, Westchester County, which, upon respondents' motion, set aside a verdict of a jury in favor of appellant and granted a new trial. Order reversed, with costs, motion denied, and verdict reinstated. The policy covers " direct loss by Windstorm " but excludes coverage for loss caused " directly or indirectly * * * by snowstorm ". No claim was made, nor evidence offered, that the damage to respondents' property was caused by both hazards. The evidence permitted a finding that the damage was caused by either (1) a windstorm on February 27, 1958 or (2) a snowstorm on March 14, 1958. Under these facts the Trial Judge was not in error in instructing the jury that to support a recovery the loss must have been caused by windstorm and not by any other hazard, or that it must have been caused " only and directly " by windstorm. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.