Jacob Markowitz, J.
The female relator on this writ of habeas corpus was sentenced to the Albion State School, after pleading guilty to a violation of section 145 of the Social Welfare Law. The sentence was based upon the report of the Kings County Hospital, Division of Psychiatry, where she had been committed for medical examination prior to sentence. Although relator’s counsel, prior to sentence, had made a request for a hearing at which he could controvert the findings and recommendations of the hospital’s Division of Psychiatry, that opportunity was denied him.
Section 438 of the Correction Law (made applicable to females by subdivision 2 of section 451 of that statute) authorizes the commitment of menial defectives over 16 years of age to the State institution for defective delinquents “ upon a certificate of mental defect by two examining physicians, or an examining physician and a certified psychologist ”, where there has been a conviction. Since here there was no sentence prior to the *461 commitment, there was no conviction (People v. Mellon, 261 App. Div. 400 ; People v. Fabian, 192 N. Y. 443). .Therefore, the sentencing court could not have committed relator under this part of section 438 of the Correction Law.
Nevertheless, there is included in said section the additional proviso that such commitment, whether before or after conviction, may be accomplished pursuant to section 662-1) of the Code of Criminal Procedure. That section empowers the court to commit a defendant to an appropriate institution of the Department of Correction only “ after giving the district attorney and counsel for the defendant opportunity to be heard ’ \ The quoted language of section 662-b refers to the provision of section 662-a, immediately preceding, which provides: “ If either counsel for the defendant or the district attorney does not accept the findings of the psychiatrists and wishes to controvert them, the court shall afford counsel for the defendant and the district attorney opportunity to do so before him.”
Since the commitment of relator to the Albion State School was made without the hearing to which she was entitled by statute and which was denied her, despite a demand therefor, the commitment was illegal. Moreover, it appears a basic proposition of constitutional law that due process requires that in judicial proceedings which may result in a deprivation of liberty or property, there shall be afforded to the person proceeded against notice and an opportunity to be heard (N. Y. Const., art. I, § 6). Law, logic and common decency demand an interpretation of section 438 of the Correction Law which is in accord tliercAvith.
The District Attorney contends that habeas corpus is not available to relator even if the sentence to the Albion State School Avas not authorized by laAA7, citing subdivision 2 of section 1231 of the Civil Practice Act and subdivision 2 of section 1252 of the Civil Practice Act. In People ex rel. Kern v. Silberglitt (4 N Y 2d 59), relied upon by the District Attorney, the holding that habeas corpus Avas not available Avas based upon the finding of the Court of Appeals (p. 61) that the sentencing court had “ poAver ” to declare the sentence Avhich it meted out. In the instant case, the sentence Avas beyond the court’s poAver because of the refusal to allow the hearing required by statute as a condition precedent of this sentence. Even though the sentencing court had jurisdiction of the defendant and jurisdiction to sentence the latter, habeas corpus is available, as the court did not have the power to render the particular sentence imposed without prior proper hearing (People ex rel. Tweed v. Liscomb, 60 N. Y. 559 ; Matter of Morhous v. Supreme Court, of State of *462 N. Y., 293 N. Y. 131, 138 ; People ex rel. Carollo v. Brophy, 294 N. Y. 540, 542).
Writ sustained and relator is remanded to the sentencing court for a hearing on the psychiatric findings, in accordance with this opinion.