■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STANLEY GERSTENFELD, Appellant.—

The evidence established defendant's guilt beyond a reasonable doubt. It also appears that the defendant was a first offender and at the time of trial was gainfully employed by a trucking company for whom he has been working for two years. Under these circumstances the 30-day sentence may be excessive. Section 543 of the Code of Criminal Procedure empowers us to reduce the sentence; but, in exercising that power, we should be guided by facts disclosed in the record or demonstrated by some investigation before the pronouncement of sentence. There was no such investigation in the case before us. We believe that on the particular facts of the instant case a presentence investigation should be made before sentence is imposed so that both the sentencing Judge and any reviewing court may have some basis upon which to exercise their respective discretionary powers. Concur — Breitel, J. P., Valente and Steuer, JJ.; McNally and Stevens, JJ., dissent in the following memorandum: In our view the sentence imposed, in light of the record herein, is excessive. Accordingly, we vote to modify to reduce the sentence to time served and, as so modified, to affirm the judgment of conviction. We dissent on the further ground that section 543 of the Code of Criminal Procedure does not empower this court to set aside the sentence and remand the case to the Court of Special Sessions for the purpose of resentencing after an investigation as provided in section 153 of the New York City Criminal Courts Act. Subdivision 1 of section 543 of the Code of Criminal Procedure reads as follows: "1. Upon hearing the appeal the appellate court may, in cases where an

erroneous judgment has been entered upon a lawful verdict, or finding of fact, correct the judgment to conform to the verdict or finding; in all other cases they must either reverse or affirm the judgment or order appealed from or reduce the sentence imposed to a sentence not lighter than the minimum penalty provided by law for the offense of which the defendant or defendants have been convicted and in cases of reversal, may, if necessary or proper, order a new trial." As we read that section, this court may correct a judgment to conform to a verdict or a finding, and in all other cases it must either reverse or affirm the judgment or reduce the sentence imposed to a sentence not lighter than a minimum penalty provided by law for the offense of which the defendant stands convicted. Moreover on resentence no appeal will lie to this court, since the sentence is not reviewable except as an incident to a review of the judgment of conviction, unless challenged as illegal. (*People* v. *Mellon*, 261 App. Div. 400; see, also, *People* v. *Pierce*, 1 A D 2d 680; *People* v. *Rozea*, 267 App. Div. 569; *People* v. *San Antonio*, 277 App. Div. 1136.)