■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD MAXWELL, Also Known as HENRY R. IVEY, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered February 28, 1963 on his plea of guilty convicting him of assault in the second degree, and sentencing him to serve a term of 1 year and 6 months to 3 years in a State prison. Judgment reversed on the law; plea of guilty vacated, and action remitted to the trial court for further proceedings not inconsistent herewith. No questions of fact have been considered. Defendant had been indicted for criminal negligence in the operation of a motor vehicle resulting in death (Penal Law, § 1053-a) and for driving a motor vehicle while intoxicated, as a misdemeanor. Upon recommendation of the District Attorney pursuant to statute (Code Crim. Pro., § 342-a), the defendant pleaded guilty to assault in the second degree (Penal Law, § 242). In our opinion, the court did not have jurisdiction to accept the plea made, nor to render judgment thereon, because assault in the second degree is neither a crime of a lesser degree than the crime charged nor one for which a lesser punishment is prescribed (Penal Law, §§ 243, 1053-b; cf. *Matter of McDonald* v. *Sobel,* 272 App. Div. 455, affd. 297 N. Y. 679). Beldock, P. J., Ughetta, Christ, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE MILLER, Appellant.— Appeal by defendant from an order of the County Court, Nassau County, entered January 30, 1964, which denied his motion to withdraw his plea of guilty; to vacate the judgment rendered January 10, 1958 on such plea, convicting him of assault in the second degree and sentencing him, as a second felony offender, to serve a term of 2½ to 5 years imprisonment, with execution thereof suspended; and to substitute a plea of not guilty. Appeal dismissed. The defendant's motion was made in connection with pending resentence proceedings, and was predicated upon the allegation that his original plea of guilty was induced by a promise that he would receive a suspended sentence which was tantamount to an acquittal. An order denying a motion upon resentence is not appealable (*People* v. *Horne,* 18 A D 2d 695) except as it forms part of a judgment roll on appeal duly taken from the judgment of resentence (*People* v. *Mellon,* 261 App. Div. 400). Nevertheless, we have examined into the merits of defendant's contentions that his moving papers showed grounds for the relief requested. We have concluded that the County Court properly decided that defendant had demonstrated no cognizable ground for the withdrawal of his plea of guilty. The same grounds now asserted by defendant were, in any event, previously found wanting in his prior *coram nobis* proceeding (*People* v. *Miller,* 17 A D 2d 978, cert. den. 374 U. S. 850). The mere repetition of rejected grounds did not entitle defendant to the favorable exercise of discretion on the instant application. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.